IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY PIPKIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, )<br>)<br>Defendant. ) | Civil Action No. 22-2-E |

ORDER

AND NOW, this 25th day of January 2023, the Court has considered the parties' motions for summary judgment and will grant Defendant's motion except as to costs.[1] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1] Defendant has asked that costs be taxed against Plaintiff. That request is not supported by argument in her accompanying brief; accordingly, the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2] Plaintiff has argued that the ALJ's decision finding him to be not disabled is insufficiently supported because the ALJ erred in her evaluation of medical opinions offered by Plaintiff's primary care physician ("PCP"). As explained herein, the ALJ did err, but only harmlessly; accordingly, the Court will affirm her non-disability determination. The ALJ's decision is the final agency decision subject to this Court's review because the Appeals Council denied Plaintiff's request for review (R. 1). 20 C.F.R. §§ 404.981, 416.1481. The decision will be affirmed if supported by "substantial evidence." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). That reviewing courts may ensure an ALJ's decision is adequately supported, decisions should be "as comprehensive and analytical as feasible." *Cotter*

*v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) ("While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning."). The Court has often described this articulation standard as the "logical bridge" requirement, *i.e.*, the courts' expectation that an ALJ will "build an accurate and logical bridge between the evidence and the result." *Gamret*, 994 F. Supp. 2d at 698 (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)).

An ALJ's assessment of disability proceeds in five steps whereby he or she asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. §§ 404.1520(a)(4)(i)—(v), 416.920(a)(4)(i)—(v). For the inquiries at steps four and five, the ALJ must first formulate a claimant's residual functional capacity ("RFC") which is the claimant's maximum sustained work ability despite limitations arising from his or her severe and non-severe impairments. 20 C.F.R. §§ 404.1545(a)(1)—(2), 416.945(a)(1)—(2). The ALJ must base the RFC finding "on all the relevant evidence in [the claimant's] case record." *Id.* For applications filed on or after March 27, 2017, medical opinion and prior administrative medical findings evidence must be evaluated in accordance with 20 C.F.R. §§ 404.1520c, 416.920c. Pursuant thereto, ALJs must evaluate the persuasiveness of such evidence without "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." *Id.* §§ 404.1520c(a), 416.920c(a). Five factors are relevant to an ALJ's assessment of persuasiveness, but only two of those factors—supportability and consistency—*must* be discussed by the ALJ. *Id.* §§ 404.1520c(b)—(c), 416.920c(b)—(c).

In this matter Plaintiff has argued that the ALJ failed to adequately address supportability and consistency in her finding that his PCP's medical opinions were unpersuasive. This error was harmful, he has argued, because the ALJ likely would have formulated a more restrictive RFC had she found Plaintiff's PCP's opinions to be more persuasive. Though the Court agrees that the ALJ erred in her discussion of supportability, the Court is unpersuaded that the error was harmful and is further unpersuaded that the ALJ otherwise erred in her evaluation of the PCP's medical opinions. Dr. James Tatum, Plaintiff's PCP, opined that Plaintiff's impairments and symptoms would be severely limiting, *e.g.*, Plaintiff could only sit up to two hours in an eight-hour workday, stand/walk for ten minutes, and would likely be absent more than four days/month. (R. 421—22). The ALJ found these opinions to be "unpersuasive." (R. 16). In her discussion of that finding, the ALJ acknowledged that Dr. Tatum was Plaintiff's treating source but explained that "the evidence does not support [his] restrictive findings" and further explained that "the findings in the objective evidence support[ed]" less restrictive limitations. (*Id.*).

In this explanation of her persuasiveness determination, the ALJ erred insofar as she conflated supportability and consistency. Supportability is a measure of the relevancy of

2

---

"objective medical evidence and supporting explanations *presented by a medical source . . .* to support his or her medical opinion(s)." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (emphasis added). Consistency measures the agreeableness of medical opinions with "evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). One court has explained the distinction between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021). Here it seems the ALJ effectively considered consistency twice because, in her consideration of supportability, she remarked that the evidence did not support Dr. Tatum's opinions instead of addressing whether Dr. Tatum had offered evidentiary and explanatory support for his opinions. (R. 16).

While this is an error, it does not require remand because the error was harmless. The Court is cautious in its invocation of the doctrine of harmless error when reviewing final decisions denying disability benefits applications because an ALJ's decision must rise or fall on its stated rationale. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (citing *SEC v. Chenery Corporation*, 318 U.S. 80, 87 (1943)). However, when the Court can determine with confidence that an error did not impact the outcome of a case, remand is unnecessary. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005); *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (explaining that the harmless error doctrine permits affirmance where "it is predictable with great confidence that the agency will reinstate its decision on remand"). In this matter the Court is confident that the outcome of Plaintiff's case was not impacted by the ALJ's error in conflating supportability and consistency because Dr. Tatum's opinions were unaccompanied by supporting evidence or explanations. Dr. Tatum's opinions were rendered largely by checkmarks and circles on a "**PHYSICAL TREATING MEDICAL SOURCE STATEMENT**." (R. 419—23). Other than a cursory documentation of Plaintiff's diagnoses/general symptoms and a note that physical therapy had not been helpful (R. 419), no supporting explanation was offered by Dr. Tatum for his opinion that Plaintiff's pain would interfere with his attention and concentration "[c]onstantly," nor for his opinion that Plaintiff would only be able to sit for two hours and stand/walk for ten minutes total in an eight-hour workday. (R. 420—21). Likewise, Dr. Tatum's opinions that Plaintiff would need unscheduled breaks and more than four absences monthly were not accompanied by any explanation or reference to supportive objective evidence. (R. 421—22). Accordingly, the Court finds that the ALJ's error in her evaluation of supportability toward her persuasiveness determination for Dr. Tatum's opinions was harmless.

Plaintiff has also argued that the ALJ erred in her evaluation of consistency with respect to Dr. Tatum's opinions, but the Court is unpersuaded of this secondary alleged error. In her evaluation of consistency, the ALJ explained that—contrary to Dr. Tatum's opinions—the evidence of record supported "limitation to light exertion with the additional postural and environmental limitations" she had added to Plaintiff's RFC. (R. 16). Having reviewed the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED as specified above.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of Record

---

ALJ's decision "as a whole," *Prodin v. Kijakazi*, No. CV 20-1372, 2022 WL 973703, at *4 (W.D. Pa. Mar. 31, 2022) (quoting *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)), that explanation shows adequate consideration of consistency. The ALJ considered that two State agency consultants opined Plaintiff could sustain work requiring "medium exertion with additional frequent postural and some environmental limitations." (R. 15). She also considered a consultative examiner's opinions that Plaintiff could do work at a "medium" exertional level with "additional postural and environmental limitations." (R. 16). The ALJ further considered Plaintiff's "conservative" treatment record (R. 14), an MRI in 2021 showing "a mild disc bulge and disc disease at L5-S1" without disc herniation (R. 15), and examination findings where Plaintiff's gait was "observed to be mildly antalgic" but he "could walk on his heels and toes" and "do a full squat," albeit with "mild difficulty." (*Id.*). Ultimately the ALJ found that this evidence supported a modified "light work" RFC (R. 13) despite Dr. Tatum's inconsistent opinions. (R. 16).

Contesting this finding, Plaintiff has pointed to evidence in the record that he argues was consistent with Dr. Tatum's opinions. For instance, Plaintiff has relied largely on his physical therapy records. (Doc. No. 11, pg. 9—10). However, the ALJ clearly considered Plaintiff's physical therapy records. (R. 14—15 (citing Ex. 1F, 2F)). Not only that, but this evidence does not clearly undermine the ALJ's finding that Dr. Tatum's opinions were inconsistent with the bulk of the evidence. For instance, Plaintiff has pointed to evidence of "moderate restriction" of his hamstring flexibility (Doc. No. 11, pgs. 9—10 (citing R. 288)), limitation of range of motion (*id.*), and his subjective representation of various symptoms/limitations at his physical therapy appointments. (*Id.* (citing R. 313, 319, 325)). That this evidence could have been drawn to a different conclusion does not undermine the ALJ's well-supported findings. *Zappala v. Barnhart*, 192 Fed. Appx. 174, 177 (3d Cir. 2006) ("[T]he possibility that two inconsistent conclusions may be drawn from the evidence contained in the administrative record does not prevent an agency's finding from being supported by substantial evidence."). Where, as here, adequate evidence supports the ALJ's persuasiveness determination for Dr. Tatum's opinions and the ALJ did not overlook evidence, the Court will not "re-weigh the evidence." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). For these reasons, the Court will grant Defendant's motion and affirm the underlying decision. In doing so, the Court underscores that affirmance is only the appropriate outcome in this matter because the ALJ's failure to address supportability in accordance with 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) was harmless in this limited instance.